IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BLENHEIM GROUP, LLC** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **INTERNATIONAL INNOVATION COMPANY** | : | |
| **USA, INC., et al** | : | **NO. 10-5669** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                           **July 18, 2011**

The issue presented by the defendant's motion to dismiss this *qui tam* action brought under the False Marking Statute, 35 U.S.C. § 292 (2011), is whether the plaintiff has satisfactorily pled that the defendant[1] acted with the intent to deceive the public, an essential element of its cause of action.[2] The defendant contends that the amended complaint does not satisfy the particularity requirement of Fed. R. Civ. P. 9(b), which is applicable to false marking claims. Relying on the defendant's public statements that it vigorously enforces its patents generally, the plaintiff argues that it has met the pleading

---

[1] The plaintiff has named two defendants, International Innovation Company USA, Inc. and International Innovation Company B.V. Despite the requirement of Fed. R. Civ. P. 4(m), Blenheim has not served the foreign defendant, International Innovation Company B.V., within 120 days of the filing of their complaint. Nor has it requested an extension of time for service. Thus, the motion is brought by only the properly served defendant, International Innovation Company USA, Inc..

[2] The moving defendant also argues that the *qui tam* provision of § 292 violates the "take care" clause in Article II, Section 3 of the Constitution because it vests private citizens with authority to enforce federal law without providing the Executive Branch sufficient control over litigation brought under it. Because federal courts should decline to address constitutional issues if a case can be resolved on non-constitutional grounds, *United States v. Serafini*, 167 F.3d 812, 815 n.7 (1999), we shall not address this issue in light of our holding that the plaintiff's amended complaint does not state a cause of action.

Although we do not consider the constitutional challenge, we call the parties' attention to Judge Robreno's thoughtful and well-reasoned opinion in which he found that § 292 violates the "take care" clause and is, thus, unconstitutional. *See Rogers v. Tristar Prod., Inc.*, No. 11-1111, 2011 WL 2175716, at *1 (E.D. Pa. June 2, 2011).

threshold. We conclude that it has not. Therefore, we shall dismiss the amended complaint.

The False Marking Statute prohibits the marking of an unpatented product as patented "for the purpose of deceiving the public." 35 U.S.C. § 292(a). A false marking claim requires proof that the defendant marked an unpatented article[3] as patented and did so "with intent to deceive the public." *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009).

Blenheim Group, L.L.C., a company created for the purpose of bringing false marking claims and composed of a law firm's executive committee, has alleged in the amended complaint that the defendants, International Innovation Company USA, Inc. and its Dutch affiliate, International Innovation Company B.V., applied for an American patent for their WineSaver product on January 15, 1987. The application was approved on August 16, 1988, and the product was assigned patent number 4,763,803. Over the years, the defendants maintained this patent, tendering patent maintenance fees to the United States Patent and Trademark Office. The patent expired on January 15, 2007. After the patent expired, the defendants continued marketing and distributing the WineSaver product bearing the expired patent number.

Blenheim's initial complaint was dismissed on February 26, 2011 for failing to meet the heightened pleading standard for fraud-based claims required under Fed. R. Civ. P. 9(b).[4] Blenheim was granted leave to amend its complaint, which it did on February 28,

---

[3] An expired patent is "an unpatented article" for purposes of § 292. *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361 (Fed. Cir. 2010).

[4] Order (Doc. No. 11), *Blenheim Group LLC v. Int'l Innovation Co., USA, Inc.*, No. 10-5669 (E.D. Pa. Feb. 16, 2011).

2011. The defendant renewed its motion to dismiss, contending the amended complaint, like the original complaint, does not meet the particularity requirements of Rule 9(b). Specifically, it argues that the plaintiff has not sufficiently alleged a plausible claim that the defendants acted with an intent to deceive the public - a requisite element of a false marking cause of action.

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), we accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). Our consideration is limited to the facts alleged in the complaint and the attached exhibits. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although this standard "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). The well-pleaded facts must permit more than an inference of a mere possibility of misconduct. *Iqbal*, 129 S. Ct. At 1949. Rather, the alleged facts must demonstrate that the plaintiff's claim is plausible. *Id*.

Beyond the Rule 12(b)(6) standard, the particularity requirement imposed by Rule 9(b) is applied in false marking cases. *In re BP Lubricants USA, Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011). By requiring more in-depth pleading, Rule 9(b) acts as a safety valve

ensuring that only legitimate claims proceed to discovery. *Id*. at 1310. Rule 9(b) requires that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In the false marking context, Rule 9(b) requires a plaintiff to plead in detail "the specific who, what, when, where, and how of the alleged fraud." *Jupiter Networks, Inc. v. Shipley*, __ F.3d __, 2011 WL 1601995, at *4 (Fed. Cir. 2011). "[C]onclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired" do not satisfy this standard. *In re BP Lubricants*, 637 F.3d at 1309.

To establish the intent to deceive element, the false marking plaintiff must show that the defendant actually knew that the patent had expired. Constructive knowledge is insufficient. *Id*. at 1311. An allegation that the defendant "should have known" invokes a negligence standard. At most, it implicates a negligent misrepresentation, not an intentional one. The plaintiff must plead sufficient facts, not conclusions, from which one may draw an inference that the defendant spoke with a "purpose of deceit" and not merely that it knew that the statement was false. *Id*. at 1313. In other words, the complaint must not only allege the false statement that an unpatented article is patented, but also sufficient factual bases for an inference that the defendant was actually aware of the falsity of the statement and made it with intent to deceive the public. *Exergen Corp. v. Walmart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009).

At issue here is whether Blenheim adequately pled the essential element of intent to deceive the public. The defendant argues that the amended complaint contains no facts from which one can infer that it was aware of the patent's expiration much less facts from which one can determine they acted with intent to deceive the public in continuing to

distribute the WineSaver marked with the expired patent number.  Blenheim, on the other hand, claims that the amended complaint "goes far beyond" Rule 9(b)'s pleading threshold. It argues that the defendant's aggressive patent enforcement strategy shows its familiarity with the patent process generally, and the duration and expiration of the patent in particular.

Blenheim attached to its complaint three exhibits that it contends demonstrate the defendant's commitment to monitoring and protecting its patented products, including the WineSaver, after the patent expired.  The three documents are copies of an article appearing in a European publication discussing the defendant's Vacu Vin product lines, a press release announcing the defendant's successful patent enforcement action involving its "Pineapple Slicer," and an announcement of the appearance of its WineSaver on an official Dutch stamp.

In a Design Management Europe article published in 2008, defendant's CEO emeritus, Bernd Schneider, is quoted, "we can contest any violation of our patent and maintain a sense of calm in our market.  This is a conscious strategy."  Blenheim argues that the "conscious strategy" comment shows that the defendant monitors and enforces its patents.

Neither the article nor Schneider's quote refers to a strategy limited to the product at issue.  The article discusses the defendant's 30 products.  Schneider talks about the company's policy of enforcing all of its patents.  He declared that the defendant develops unique products so that it can obtain patents it can enforce.  Nowhere does he refer to any specific patent, including the WineSaver.

In the May 29, 2008 press release issued in the Netherlands, the defendant

described its successful efforts to force a European supermarket chain to cease selling illegal copies of its patented "Pineapple Slicer" product. The release announced that "[e]ach and every one of our products is patented worldwide, and we protect the patents vigorously." Blenheim claims this is evidence of the defendant's "diligence in monitoring its patents" and suggestive that the defendant was aware that the American patent had expired.

The press release, read in its entirety, does not support Blenheim's conclusion nor does it raise a reasonable inference that defendants knew that the patent had expired. The press release concerns the efforts of Vacu Vin, B.V., presumably the defendant's Dutch subsidiary, to enforce its patent on the "Pineapple Slicer" throughout Europe. It can be reasonably understood to refer only to the defendant's European operations and explicitly pertains only to enforcement of its European patent on the "Pineapple Slicer," not the WineSaver.

Finally, in February 2010, the WineSaver appeared on a stamp commemorating the anniversary of the Dutch Patent Act. In announcing the commemoration, the defendant stated "the WineSaver was first patented in 1987. Since then, the design of the WineSaver has been adjusted by adding a click-system which allowed us to prolong the patent." This, Blenheim contends, is proof that the defendant was aware of the patent's expiration because the patent was never modified in any way. Blenheim claims that this false statement proves the defendant was aware of the patent's expiration in 2007. Contrary to Blenheim's contention, knowledge that the patent was issued in 1987 coupled with an erroneous belief that it had been extended does not lead necessarily to the conclusion or inference that the defendant was aware that the patent had expired in 2007. To the

contrary, it shows that the defendant believed the patent's life was extended and, thus, enforceable. Moreover, the only reasonable inference that can be drawn from the announcement describing a patent on the WineSaver in the context of celebrating the Dutch Patent Act is that the patent was issued under the Dutch Patent Act. In other words, the commemoration announcement can reasonably be understood to refer only to the Dutch patent on the WineSaver, not the American patent.

Like the initial complaint, the amended complaint does "little more than speculate that the defendant engaged in more than negligent action." *In re BP Lubricants*, 637 F.3d at 1311. The subject of this litigation is a single American patent. Yet, Blenheim presents evidence that is unrelated to this patent and appears to relate only to the defendant's European patents.

The allegations in the amended complaint are an iteration of the allegations of a "sophisticated company [with] experience applying for, obtaining, and litigating patents," that the Federal Circuit rejected because it failed to satisfy Rule 9(b)'s particularity requirements. *Id*. at 1312. The Federal Circuit held that the "sophisticated company" argument is no more than an assertion that the defendant should have known the patent expired. *Id*.

In order for a complaint to adequately plead intent to deceive the public, it must provide both allegations that the defendant was aware that the particular patent at issue had expired and some objective indicia that the defendant, aware that its patent had expired, continued marking a product with the expired patent in order to deceive the public. *See Id*. at 1311 (complaint must set forth "particularized factual bases for the allegations" and "'sufficient underlying facts from which a court may reasonably infer that a party acted

with the requisite state of mind.'" (quoting *Exergen*, 575 F.3d at 1326-27)). Blenheim's amended complaint provides neither. Thus, it does not provide the necessary factual allegations to meet Rule 9(b)'s particularity requirement.

## Conclusion

Because the allegations of the intent to deceive element in the amended complaint fail to meet Rule 9(b)'s particularity requirement, we shall grant the motion to dismiss.